ABRAHAM BOCKIAN, RESPONDENT, v. UNITED CANDY
COMPANY, APPELLANT.

Argued June 22, 1917—Decided October 11, 1917.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"The plaintiff was the owner of eight shares of the defendant company which they purchased from him for $1,200, paying therefor by assigning him certain outstanding accounts and a note for $225. This note was dated September 8th, 1914, payable one year after date, 'subject to the conditions contained in the agreement bearing even date.' The agreement referred to was one made on that day between the plaintiff and the defendant with reference to the sale of this stock, and the condition was, 'that if the said party of the first part (the plaintiff) should retire from business or should sell out the said business, and shall also remove out of the county of Hudson and the county of Bergen, then the said note shall be paid thirty days after notice of such retirement or sale and the removal.'

"The agreement also provided that the plaintiff should continue as a sub-jobber of the party of the second part for the term of one year and purchase from it all the merchandise required by him usually handled by the party of the second part.

"It was further agreed that the goods should be sold to him 'at a price or profit to the party of the second part over and above the then existing market value of the same, together with an additional profit' of one, two or three cents on every box, according to its value, running from fifty cents to $3. The plaintiff continued as sub-agent for about four weeks, when he left, and on the 20th day of May, 1916, brought suit to recover on the note, and also the sum of $225, that being the sum named in the agreement as liquidated damages if either of the parties should violate any of the covenants of the agree-

ment, the alleged breach being that the defendant had agreed to sell merchandise to the plaintiff at a certain price and violated this agreement. The plaintiff recovered and the defendant appeals. Plaintiff put in evidence his note, which was past due, for it was more than a year after it was dated when the suit was brought. The ground which he sets up as a violation of the agreement and which justified him in leaving was as he testifies: 'They were supposed to charge me certain prices according as mentioned in the agreement; they have overcharged me on the prices; they charged me higher prices for goods which I could not turn out for a living, that I had to leave them on account of that,' and in proof of this he testified that they charged him twenty-seven cents for a box of candy which they sold to others for eighteen and twenty cents, but his real ground of complaint seems to be that he had a notion that by the terms of this contract he was to pay one, two or three cents over the cost price, and the ground of his complaint appears to be that they charged him a profit over the cost beside this additional charge.

"As we read this contract defendants were to sell him the goods at a price or profit over and above the then existing market value, together with the additional profit, and to sustain the plaintiff's claim we will have to say that the existing market value means cost, which would not mean a price or profit over and above the existing market value. It may be that the prices which they charged the plaintiff exceed a reasonable profit, and that seems to be the question which was tried.

"The first point which the appellant makes is that there was error in the admission and exclusion of certain testimony.

"We have examined the different parts of the testimony referred to but do not find in them any harmful error.

"The second point is, that the plaintiff was not qualified to testify as to the market value of the candy in 1914. We think it sufficiently appears that he had been in the business long enough, and had sufficient knowledge of the market to testify as to market value.

"The third point is, that there should have been a nonsuit. This cannot be sustained, because, manifestly, the plaintiff was entitled to recover on the note. It was drawn to mature one year after date, and earlier if certain conditions happened.

"The note was past due when the suit was brought without regard to the conditions and was given to him in payment for his stock.

"The fourth point is, that there was error in excluding parole evidence to explain ambiguous parts of the contract. The evidence referred to on this point is to be found on page 99, and the question was: 'Will you explain to the court what the circumstances were under which this note was given?'

"The court refused this, because he said the defendant was bound by the contract as to the purpose for which the note was given; this was correct. It is also urged that it was error to refuse testimony to explain the following provision of the contract: 'Shall be at a price or profit to the party of the second part over and above the then existing market value of the same.' We do not think parole testimony was competent to explain this, because it is well known what is the meaning of market value, and the construction of the contract was a court question.

"The last clause of the contract provides that if either of the parties should violate the contract, they fix the sum of $225 as liquidated damages, and that the note should, in the event of a breach on the part of the party of the first part, be considered as the amount of the liquidated damages.

"In other words, the contract seems to provide that if the plaintiff breached the contract and was liable to pay the fixed damages, he could do so by surrendering the note, and the party of the second part would be entitled to appropriate it for that purpose.

"Thus, whether the plaintiff should surrender the note depends upon whether he has made out his case that he, and not the defendant, was entitled to liquidated damages for a breach of the contract; if he has made out his case he was entitled to his note, and also to recover the damages fixed.

Whether there was a breach of the contract by the defendant was a question of fact which the jury have solved in favor of the plaintiff, therefore the judgment should be affirmed, with costs."

For the appellant, *Levitan & Levitan.*

For the respondent, *Isador Haber.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.